IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-202-BO

| | | |
|---|---|---|
| PHILLIP RAY RHODIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 25 & 27]. A hearing on this matter was held in Elizabeth City, North Carolina on August 27, 2013 at 10:00 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the matter is REMANDED to the agency for rehearing in accordance with this Order.

## BACKGROUND

The plaintiff protectively filed for supplemental security income on March 14, 2008. His alleged onset date was January 1, 2004. His application for benefits was denied initially and upon reconsideration. The plaintiff appeared before an Administrative Law Judge (ALJ) for an administrative hearing. Subsequently, that ALJ issued an opinion finding the plaintiff not disabled. On May 1, 2012, the Appeals Council denied the plaintiff's request for review rendering the ALJ's opinion the final decision of the commissioner. The plaintiff now seeks review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first

four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step three by failing to consider the listing for gout. Mr. Rhodie allegedly suffers from gout and arthritis. He was 50 years old at the time of the administrative hearing. The plaintiff suffers from several ailments, but there was evidence in the record that the plaintiff suffers from a severe case of gout, which causes him pain and discomfort. The ALJ noted the plaintiff's gout, but failed to consider whether he met the listing for gout – Listing 14.09. Where, as here, there is ample evidence to support the plaintiff's allegations of a condition the ALJ must compare the plaintiff's symptoms to the criteria set forth in the appropriate listing. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). As the ALJ failed to evaluate the plaintiff under the appropriate listing for gout, this matter should be remanded for an evaluation under that listing.

## CONCLUSION

Based on the foregoing, plaintiff's motion is GRANTED and the matter is REMANDED to the agency for rehearing in accordance with this Order.

SO ORDERED.

This 30 day of August, 2013.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE